## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RONALD P. FERRY, | ) | Case No. 15-11839-KHK |
| | ) | |
| Debtor. | ) | Chapter 13 |

### MOTION TO DENY ENTRY OF DISCHARGE
### AND NOTICE OF MOTION AND HEARING

Sandra Beard, creditor and former spouse of debtor Ronald P. Ferry ("Ronald Ferry"), hereby moves this Court to deny entry of a discharge to debtor Ronald Ferry. Sandra Beard states as follows:

1. An Amended Order Confirming Modified Plan was entered by this Court herein on June 16, 2016.

2. Thereafter, a slightly different Amended Order Confirming Modified Plan was entered by this Court herein on October 16, 2019.

3. Each aforesaid Amended Order contains the identical paragraph 5(b), concerning the claim of Sandra Beard that Ronald Ferry owes her $85,000 for the unpaid marital share of pension benefits he received, which paragraph 5(b) states as follows:

> "(5)(b) The non-priority disputed claim in the amount of $85,000 set forth in Claim No 7 filed by Sandra Beard ("Beard") shall not be treated or paid by Trustee under Debtor's Chapter 13 Plan, and Debtor and Beard shall resolve the amount and nature of said claim through litigation in state court. Upon conclusion of that state court litigation

Jeffrey A. Vogelman, Esq., VSB #19755
Jeffrey A. Vogelman & Associates, P.C.
201 N. Union Street, Suite 110
Alexandria, VA 22314
Telephone: (703) 838-0090
Attorney for Sandra Beard

determining the amount and nature of Beard's claim Debtor shall promptly make payment in full on that claim directly to Beard outside of his Chapter 13 Plan. Upon resolution of the state court litigation determining the amount and nature of Sandra Beard's claim and upon Debtor's payment in full of the said claim, Debtor shall file a Certification with the Bankruptcy Court stating the same and shall serve such Certification upon counsel for Sandra Beard. Debtor shall not be entitled to a discharge under 11 U.S.C. Section 1328(a) until and unless the state court litigation determining the amount and nature of Beard's claim has been concluded and Debtor has paid said claim in full and filed the aforementioned certification of same, all of which must be completed within the 60 month term of the Plan."

4. That State Court litigation was concluded with the entry on June 13, 2019 by the Fairfax County Circuit Court of an Order following a trial in Case No. CL2010-16987, <u>Sandra M. Beard v. Ronald P. Ferry</u>.

5. On September 11, 2019, Sandra Beard filed herein a Praecipe Re Outcome of Fairfax Circuit Court Litigation by which she advised this Court of the outcome of that litigation and of Ronald Ferry's non-payment. A copy of the aforesaid Fairfax County Circuit Court Order entered on June 13, 2019 was attached to that Praecipe.

6. An additional copy of that Fairfax County Circuit Court Order is attached hereto as Attachment A. As here pertinent, on page 5 (paragraph number 4) of that Order, the Fairfax County Circuit Court found that debtor Ronald Ferry owes to Sandra Beard $70,074 for pension benefits "based on her not receiving her $778.60 monthly share of his pension for the 90 months beginning October 1, 2011, through March 1, 2019."

7. Debtor Ronald Ferry to date has paid nothing to Sandra Beard toward that sum of $70,074, contrary to the requirement contained in each aforesaid Amended Order Confirming Modified Plan that he "promptly make payment in full" of that amount upon resolution of the Fairfax County Circuit Court litigation. Nor, of course, has he filed a certification with this

Court (as also required in each aforesaid Amended Order Confirming Modified Plan) that he has paid that amount.

8. As set forth above, each aforesaid Amended Order Confirming Modified Plan specifically provides that debtor Ronald Ferry "shall not be entitled to a discharge under 11 U.S.C. Section 1328(a) until and unless the state court litigation determining the amount and nature of Beard's claim has been concluded and Debtor has paid said claim in full and filed the aforementioned certification of same, all of which must be completed within the 60 month term of the Plan".

9. Each aforesaid Amended Order Confirming Modified Plan provides in paragraph number (3) that plan payments are to be completed within 60 months of the due date of the first payment and that the first payment is due on June 27, 2015. Thus, the 60 month term of the Plan is rapidly coming to an end.

10. Thus, debtor Ronald Ferry has defaulted as to the aforesaid requirements of paragraph 5(b) of each Amended Order Confirming Modified Plan. And per the explicit terms of that paragraph, he should be denied the entry of a discharge. See also Section 1328 of the Bankruptcy Code; and Evans v. Stackhouse, 564 B.R. 513 (E.D. Va. 2017), in which the U.S. District Court for the Eastern District of Virginia Newport News Division held, among other things, that the requirement of Section 1328 that a discharge may only be granted to a debtor "after completion by the debtor of all payments under the plan" encompasses both direct and trustee payments.

WHEREFORE, Sandra Beard respectfully requests that the Court enter an Order denying a discharge herein to debtor Ronald Ferry; award her attorney fees and costs; and grant her such other relief as is warranted under the circumstances.

### Notice of Motion and Hearing

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

If you do not wish the Court to grant the relief sought in this motion, or if you want the Court to consider your views on the motion, then you must file with the Court at least 7 days before the scheduled hearing date a written response, as required by Local Bankruptcy Rule 9013-1(H), explaining your position with the Court and serve a copy of it on the movant's attorney. Unless a written response is filed and served by that date, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief.

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before 7 days before the scheduled hearing date.

In order to oppose this motion, you must also attend the hearing scheduled to be held on May 14, 2020 at 1:30 PM, Courtroom III, United States Bankruptcy Court, 200 South Washington Street, Alexandria, Virginia 22314.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

SANDRA BEARD

By: /s/ Jeffrey A. Vogelman
Jeffrey A. Vogelman (VSB No. 19755)
JEFFREY A. VOGELMAN & ASSOCIATES, P.C.
201 N. Union Street, Suite 110
Alexandria, VA 22314
Telephone: (703) 838-0090
Facsimile: (703) 836-3549
Counsel for Sandra Beard

## Memorandum of Points and Authorities

The following is applicable to this Motion: 11 U.S.C. Section 1328.

/s/Jeffrey A. Vogelman
Jeffrey A. Vogelman

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2020, a copy of the foregoing was served by electronic means and/or first-class mail on:

Thomas P. Gorman, Esq.
Chapter 13 Trustee
300 N. Washington St. Suite 400
Alexandria, VA 22314

Richard G. Hall, Esq.
601 King Street
Suite 301
Alexandria, Virginia 22314

Ronald P. Ferry
41828 Progress Terrace
Aldie, Virginia 20105

/s/ Jeffrey A. Vogelman
Jeffrey A. Vogelman

ATTACHMENT A

Case 15-11839-KHK    Doc 159    Filed 03/29/20    Entered 03/29/20 19:09:03    Desc Main
                              Document      Page 6 of 17

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

SANDRA M. BEARD,

    Plaintiff

v.

RONALD P. FERRY,

    Defendant.

Case No. CL 2010-16987
Formerly Chancery No. 173476

## FINAL ORDER

**THIS CAUSE** came on to be heard for trial as to (1) the Motion to Modify Spousal Support and for Other Relief filed by Sandra M. Beard ("Sandra Beard" or "Plaintiff"), (2) the Petition for Rule to Show Cause filed by Sandra Beard on May 6, 2015, and the Show Cause Order, entered on May 15, 2015, pertaining to that Petition for Rule to Show Cause; and (3) the Motion for Order Reforming the Parties' Separation and Property Settlement Agreement filed by Sandra Beard; and

**IT APPEARING TO THE COURT** that Sandra Beard and Ronald P. Ferry ("Ronald Ferry" or "Defendant") were divorced by a Final Decree of Divorce entered by this Court herein on August 26, 2005; and

**IT FURTHER APPEARING TO THE COURT** that the aforesaid Final Decree of Divorce affirmed, ratified, and incorporated a Separation and Property Settlement Agreement entered into between the parties on or about August 23, 2005; and

**IT FURTHER APPEARING TO THE COURT**, after consideration of the evidence presented and the arguments of counsel, and the Court having made findings, including as more fully set forth in the transcripts of the Court's ruling attached hereto and incorporated herein by reference, (1) that the Show Cause Order, entered on May 15, 2015, should be dismissed; (2) that

the reformation requested by the Motion for Order Reforming the Parties' Separation and Property Settlement Agreement should be granted based upon Sandra Beard's unilateral mistake accompanied by Ronald Ferry's fraud; and (3) that additional spousal support should be granted to Sandra Beard in the amount of $1,000 per month for a period of seven years, the Court finding that there has been a material change in the circumstances of the parties not reasonably in the contemplation of the parties when the award of spousal support was initially made and an event which the Court anticipated would occur during the duration of the award and which was significant in the making of the award but which did not occur through no fault of Sandra Beard, and, after consideration of the factors set forth in Section 20-107.1(E) of the Code of Virginia, and

**IT FURTHER APPEARING TO THE COURT** that, as to the Motion to Modify Spousal Support and for Additional Relief, the Court finds that in view of the decline in the health of Sandra Beard, all of the years in which Sandra Beard has not received her share of Ronald Ferry's Director's Guild of America pension, and all of the years Sandra Beard has been forced to pursue litigation to receive sums to which she is entitled from Ronald P. Ferry, there has as aforesaid been a material change in the circumstances of the parties not reasonably in the contemplation of the parties when the award of spousal support was initially made and an event which the Court anticipated would occur during the duration of the award and which was significant in the making of the award but which did not occur through no fault of Sandra Beard; and

**IT FURTHER APPEARING TO THE COURT** that attorney fees and costs in the amount of $35,000 should be awarded to Sandra Beard particularly in view of her having prevailed herein and in view of her having to bring her motions to enforce the terms of the

parties' Separation and Property Settlement Agreement, particularly as to Ronald Ferry's Director's Guild of America pension; and

**IT FURTHER APPEARING TO THE COURT** that a separate qualified domestic relations order should be entered, with the Court's jurisdiction reserved for that purpose, in view of the Court's findings as to Ronald Ferry's Director's Guild of America pension; and

**NOW THEREFORE**, having considered the statutory factors set forth in all appropriate provisions of the Code of Virginia, it is

**ADJUDGED, ORDERED AND DECREED** that pursuant to §20-107.1 of the Code of Virginia, the parties are hereby notified of the following provisions of Virginia law and the parties hereby represent to this Court that the information provided below is true information:

1. The following is true information regarding the parties:

|  | **WIFE** | **HUSBAND** |
|---|---|---|
| Name | Sandra M. Beard | Ronald P. Ferry |
| Date of Birth | See Private Addendum | See Private Addendum |
| SSN | See Private Addendum | See Private Addendum |
| Drivers License # and State | North Carolina – 28796933 | Virginia – A060873649 |
| Residence | 7220 Culloden Court Wilmington, NC 28411 | 41828 Progress Terrace Aldie, Virginia 20105 |
| Residential Telephone | 252-646-5650 | 202-836-3051 |
| Mailing address if different from residence | N/A | N/A |
| Employer (name) | InsiderInfo.us | Medialinks Tv, LLC |
| Address | 3941 Market St, Wilmington, NC 28403 | 1099 New York Avenue NW # 530 Washington, DC 20001 |
| Office Telephone | 910-763-8464 | 202-836-3051 |

2. **SPOUSAL SUPPORT**: That the Defendant, Ronald Ferry, shall pay spousal support to the Plaintiff, Sandra Beard, in the amount of One Thousand Dollars ($1,000.00) per month, beginning on April 1, 2019, and continuing on the first day of each and every month thereafter for a period of seven years.

As of April 30, 2019, there is an arrearage in spousal support owed by Ronald Ferry to Sandra Beard in the amount of One Thousand Dollars ($1,000) for the month of April, 2019 (This is the arrearage as to the spousal support award set forth in this Order of $1,000 per month, beginning on April 1, 2019, and continuing on the first day of each month thereafter for a period of seven years. This arrearage is a separate arrearage from the previous spousal support award arrearage which is presently being paid through Ronald Ferry's Chapter 13 bankruptcy plan, of which $7,918.50 remains to be paid as of March 27, 2019, the date of the trial in this matter.). All payments as to the spousal support award set forth in this Order are to be credited to current spousal support obligations first, with any payment in excess of the current obligation applied to arrearages of the spousal support award set forth in this Order.

Notice is hereby provided that all payments are to be credited to current spousal support obligations first, with any payment in excess of the current obligation applied to arrearages. For so long as there exists a spousal support obligation, the parties shall give each other and the court at least 30 days' written notice, in advance, of any change of address and any change of telephone number within 30 days after the change. Notice is hereby provided that in determination of a spousal support obligation, the spousal support obligation, as it becomes due and is unpaid, creates a judgment by operation of law.

There is no order herein for health care coverage for a party.

3.  **DEFENDANT'S PENSION PLAN:** The Separation and Property Settlement Agreement between the parties should be, and is hereby, reformed based upon Sandra Beard's unilateral mistake accompanied by Ronald Ferry's fraud, to provide in Section 2.6(A) thereof as follows:

> "Husband is an employee of ABC, Inc. Husband will be eligible for monthly retirement benefits under [the Directors Guild of America – Producer Pension Plan Basic Benefit Plan] pension plan based upon employment with ABC, Inc. The parties agree that a court of competent jurisdiction shall enter an order which directs the plan providers of [that] pension plan to pay directly to Wife such amount as is equal to one-half (1/2) of the marital share plus the passive growth of Husband's gross monthly annuity under [that] pension plan, as, if and when payable to the Husband."

The division of the Directors Guild of America – Producer Pension Plan Basic Benefit Plan pension plan shall be by Qualified Domestic Relations Order, which shall be prepared by Sandra Beard. Until that pension plan begins to pay that monthly amount directly to Sandra Beard, Ronald Ferry shall pay the sum of $778.60 per month each month [Sandra Beard's monthly share] to Sandra Beard by the 20th day of each month with the first such payment due on April 20, 2019.

4.  **PENSION PLAN ARREARAGE:** The arrearage owed by Ronald Ferry to Sandra Beard through March of 2019 for her portion of the pension payments which he has collected since October, 2011, which portion should have been paid to Sandra Beard, is $70,074 based on her not receiving her $778.60 monthly share of his pension for the 90 months beginning October 1, 2011, through March 1, 2019. Ronald Ferry shall pay that amount [of $70,074] to Sandra Beard by making payments to her in the amount of Two Hundred Dollars ($200) per month, beginning on April 1, 2019, and continuing on the first day of each and every month thereafter until the amount of $70,074 is paid in full. This ruling, however, is not in any way intended to limit any action taken or to be taken

by the U.S. Bankruptcy Court pertaining to Ronald Ferry's current bankruptcy or any future bankruptcy of Ronald Ferry.

5. **ATTORNEY FEES**: The Defendant shall pay to the order of Jeffrey Vogelman, Esq. (sending that payment to his address shown hereafter) the sum of $35,000 as and for Plaintiff's attorney fees incurred in this matter, which sum shall be paid on or before two years from the date of this Order.

6. **RULE TO SHOW CAUSE**: The Show Cause Order entered on May 15, 2015 should be, and is hereby, dismissed.

AND THIS MATTER IS FINAL.

ENTERED this 13 day of ~~April~~ June, 2019. RJS

_____
ROBERT J. SMITH
CIRCUIT JUDGE


SEEN AND OBJECTED TO ~~PER ATTACHMENT~~

_____
Nicholas Jon Solan (VSB No. 73434)
12700 Fair Lakes Circle
Suite 110
Fairfax, Virginia 22033
Telephone: (703) 359-0088
Facsimile: (703) 359-1428
Email: nsolan@salawfirm.com
Attorney for Ronald P. Ferry

SEEN AND AGREED EXCEPT AS TO DENIAL OF RULE TO SHOW CAUSE:

*/s/ Jeffrey A. Vogelman*

Jeffrey A. Vogelman (VSB No. 19755)
JEFFREY A. VOGELMAN & ASSOCIATES, P.C.
124 South Royal Street
Alexandria, VA 22314
Telephone: (703) 836-3400
Facsimile: (703) 836-3549
Email: jvogelman@vogelmanturner.com
Attorney for Sandra M. Beard

## DEFENDANT RONALD P. FERRY'S OBJECTIONS TO FINAL ORDER

1. *Spousal Support Decision:* This Court also abused its discretion in awarding spousal support under the facts of the case, including discounting: (i) Plaintiff's copious estate, including an increase in assets and income-producing assets, (ii) Plaintiff's increased hourly wage, (iii) Plaintiff's recent substantial debt reduction, (iv) Plaintiff's exaggerated expense worksheet, and (v) Defendant's inability to presently support her, let alone to the extent of $1,000 per month for 7 more years on top of the prior 10 years on a marriage that only lasted 15 years through the final marital separation.

2. *Reformation of Agreement:* This Court erred in reforming the agreement at issue because, *inter alia*, the Plaintiff never carried her burden to prove the grounds for reformation upon evidence that leaves no reasonable doubt upon the mind of the court as to the mistake or cure of the mistake. *See, e.g., Bankers Fire Ins. Co. v. Henderson*, 196 Va. 195, 203 (1954). Moreover, Plaintiff took on the risk of her mistake, thus not entitling her to relief. *See, e.g., Fix. v. Craighill*, 160 Va. 742, 755 (1933) ("Mistakes as to matters which the contracting parties had in mind as possibilities and as to the existence of which they took the risk are not such mistakes of fact as to entitle either party to relief").

To this point, the Court effectively ignored Defendant's testimony that he believed that he was about to be on the management track towards receipt of an ABC, Inc. pension plan, and Plaintiff's copious admissions that she took on the risk that she was making a mistake conflating an ABC, Inc. pension plan with a DGA pension plan, including: (i) the fact that she was represented by counsel at the time the agreement was endorsed, (ii) the fact that she had the opportunity to review the agreement with her counsel before endorsing it, (iii) the fact that she endorsed the agreement after almost five years of divorce litigation between the parties, (iv) the fact that she signed the agreement knowing about the existence of the DGA pension plan from even before the marriage, (v) the fact that the DGA pension plan was again disclosed in the divorce litigation through answers to interrogatories, responses to

requests for production of documents, and through pay statements speaking only to a DGA pension plan (rather than an ABC, Inc. pension plan), and (vi) the fact that she never bothered to review the Defendant's pension plan documents produced through discovery to her counsel in the original divorce case. All in all, Plaintiff was put on notice about the existence of the DGA pension plan, then chose to hide her head in the sand about the particulars of the same (or of any pension plan) at the time that she endorsed the agreement, all while represented by counsel.

3. *Retroactive Award:* This Court erred in entering a retroactive award of Defendant's pension to Plaintiff. The agreement (whether the original or as reformed) merely states that the parties agree that:

> "a court of competent jurisdiction shall enter an order which directs the plan providers of the [ ] pension plan to pay directly to Wife such amount as is equal to one-half (1/2) of the marital share plus the passive growth of Husband's gross monthly annuity under [the] pension plan, as, if, and when payable to Husband."

The agreement contains no other language stating that Plaintiff is outright entitled to one half of the marital share of the pension, or that Defendant must pay to Plaintiff any portion of his pension that should have gone to Plaintiff, or that Defendant must notify Plaintiff about his starting to receive his pension, or any other savings language often seen in attorney-prepared property settlement agreements. Instead, in this case, the parties through their counsel agreed that Plaintiff is merely entitled to the right to entry of an order and, through that order, the ability to obtain half the marital share of Defendant's pension annuity payments as, if, and when paid to him. If the parties intended to award her anything more than that, this agreement would have said it. This Court's retroactive award is accordingly either an erroneous interpretation of the agreement or an impermissible rewriting of the agreement to grant a party a right which was never contemplated by the parties. *See, e.g., Bankers Fire Ins. Co. v. Henderson*, 196 Va. 195 (1954).

This Court's retroactive award otherwise violates the doctrine of laches as Plaintiff waited almost a full decade after the divorce before seeking entry of an order awarding her a portion of Defendant's pension. *See, e.g., The National Valley Bank of Staunton v. United States Fidelity and Guaranty Co.*, 153 Va. 484 (1929).

4. *Award of Attorney's Fees to Plaintiff*. This Court also erred in awarding *all* of Plaintiff's attorney's fees on the erroneous ground that both her motion to reform and motion to modify spousal support were enforcement actions under the agreement. The motion to modify spousal support is by its very nature an attempt to change the order at issue, not enforce specific terms of said order. *See, e.g., O'Hara v. O'Hara*, 45 Va. App. 788, 613 S.E.2d 859, 864-865 (2005). Likewise, the motion to reform is by its very nature an attempt to change the agreement at issue, not enforce specific terms of said agreement. As neither motion was an enforcement action, Plaintiff was not entitled to *any* attorney's fees under the agreement.

5. *Denial of Award of Attorney's Fees to Defendant*: This Court also erred in not awarding Defendant his attorney's fees incurred in litigating against Plaintiff's Rule to Show Cause. The Rule to Show Cause matter was the *only* enforcement action at issue. That matter was dismissed, leaving Defendant as the prevailing party, and therefore entitled to reasonable attorney's fees and costs incurred in that litigation.

6. *Miscellaneous*:

- This Court erred when it based its modified spousal support award in part or in full on the grounds that an event which the Court anticipated would occur during the duration of the original award and which was significant in the making of the original award did not occur through no fault of Plaintiff. This Court never stated what anticipated significant event did not occur, never stated that such event did not occur through no fault of Plaintiff, and heard no evidence as to the basis underlying this Court's

original order, thus precluding it from ever awarding modified spousal support on this ground. This Court impermissibly speculated as to the basis behind the Court's original order of spousal support.

- This Court erred in ordering Defendant to directly pay to Plaintiff her half interest of the marital share of Defendant's pension annuity payments until such time as the plan administrator begins paying her such sum pursuant to a QDRO. Plaintiff never requested this relief and the agreement does not provide for this relief. This Court's order otherwise is either an erroneous interpretation of the agreement, an impermissible granting of unrequested relief, or an impermissible rewriting of the agreement to grant a party a right which was never contemplated by the parties. *See, e.g., Bankers Fire Ins. Co. v. Henderson*, 196 Va. 195 (1954).