**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RONALD P. FERRY, | ) | Case No. 15-11839-KHK |
| | ) | |
| Debtor. | ) | Chapter 13 |

### SUPPLEMENT TO MOTION TO DENY ENTRY OF DISCHARGE

Sandra Beard, creditor and former spouse of debtor Ronald P. Ferry ("Ronald Ferry"), hereby supplements her previously filed Motion to Deny Entry of Discharge (Docket Item No. 156). Sandra Beard states as follows:

1. In addition to what is stated in her Motion to Deny Entry of Discharge, the undersigned is in receipt of a Notice to Debtor(s) and Creditors Concerning Issuance of Discharge dated April 29, 2020 from this Court. That Notice requires debtor Ronald P. Ferry ("Ronald Ferry"), in order to receive a discharge, to file with the Court the Debtor's Certification of Compliance with 11 U.S.C. Section 1328.

2. The Debtor's Certification of Compliance with 11 U.S.C. Section 1328 form requires that the Debtor certify, among other things, to the following:

> "6. If applicable, I/we certify that as of the date of this certification that I/we have paid all amounts due under any domestic support obligation [as that term is defined in 11 U.S.C. Section 101(14A)] required by a judicial or administrative order, or by statute, including amounts due either (i) before this bankruptcy case was filed and provided for in the Plan, or (ii) due any time after the filing of this bankruptcy case." (Emphasis supplied).

Jeffrey A. Vogelman, Esq., VSB #19755
Jeffrey A. Vogelman & Associates, P.C.
201 N. Union Street, Suite 110
Alexandria, VA 22314
Telephone: (703) 838-0090
Attorney for Sandra Beard

1

3. Spousal support owed to a former spouse is a domestic support obligation as that term is defined in 11 U.S.C. Section 101(14A).

4. In the Final Order entered by the Fairfax County Circuit Court on June 13, 2019 in Case No. CL2010-16987 (a copy of that Order is attached as Attachment A to the Motion to Deny Entry of Discharge), that Court (in paragraph number 2 on the fourth page of that Final Order) ordered that "the Defendant, Ronald Ferry, shall pay spousal support to the Plaintiff, Sandra Beard, in the amount of One Thousand Dollars ($1,000.00) per month, beginning on April 1, 2019, and continuing on the first day of each and every month thereafter for a period of seven years."

5. Ronald Ferry has paid none of the spousal support payments required by that Final Order; he is in arrears in the amount of $14,000 for such spousal support (14 payments of $1,000 each).

6. Debtor Ronald Ferry has in fact already been found, in an Order entered on January 10, 2020, to be in contempt of Court by the Fairfax County Circuit Court for, among other things, his failure to pay spousal support ordered in the aforesaid June 13, 2019 Final Order through the date of the filing (November 25, 2019) of Sandra Beard's Verified Petition for Rule to Show Cause with that Court. Copies of that Verified Petition for Rule to Show Cause and of that January 10, 2020 Order are respectively attached hereto as Attachments A and B for the Court's reference.

7. The aforesaid failure to pay spousal support, thus, provides an additional reason to deny a discharge to Ronald Ferry.

2

SANDRA BEARD

By:   /s/ Jeffrey A. Vogelman
Jeffrey A. Vogelman (VSB No. 19755)
JEFFREY A. VOGELMAN & ASSOCIATES, P.C.
201 N. Union Street, Suite 110
Alexandria, VA 22314
Telephone: (703) 838-0090
Facsimile: (703) 836-3549
Counsel for Sandra Beard

*CERTIFICATE OF SERVICE*

**I hereby certify that on May 10, 2020, a copy of the foregoing was served by electronic means and/or first-class mail on:**

Thomas P. Gorman, Esq.
Chapter 13 Trustee
300 N. Washington St. Suite 400
Alexandria, VA 22314

Richard G. Hall, Esq.
601 King Street
Suite 301
Alexandria, Virginia 22314

Ronald P. Ferry
41828 Progress Terrace
Aldie, Virginia 20105

    /s/ Jeffrey A. Vogelman
    Jeffrey A. Vogelman

ATTACHMENT A

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

FILED
COURT SERVICES
2019 NOV 25 ☐ 12: 40
JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

| | |
|---|---|
| SANDRA M. BEARD, ) | |
|     Plaintiff ) | |
| ) | |
| v ) | Case No. CL2010-16987 |
| ) | Formerly Chancery No. 173476 |
| RONALD P. FERRY, ) | |
| ) | |
|     Defendant. ) | |

## VERIFIED PETITION FOR RULE TO SHOW CAUSE

COMES NOW Plaintiff Sandra M. Beard ("Sandra Beard" or "Plaintiff"), by counsel, and requests that this court issue a rule to show cause directing Defendant Ronald P. Ferry ("Defendant" or "Ronald Ferry") to show cause, if he can, why he should not be held in contempt of Court for his willful refusal to comply with and defiance of the terms of this Court's Final Order ("Final Order") entered herein on June 13, 2019. Specifically, he has failed to pay sums required to be paid by him per the Final Order. In support of this Petition, Plaintiff respectfully states as follows:

1. The Final Order provides in its paragraph number 2 on page 4 that "the Defendant, Ronald Ferry, shall pay spousal support to the Plaintiff, Sandra Beard, in the amount of One Thousand Dollars ($1,000.00) per month, beginning on April 1, 2019, and continuing on the first day of each and every month thereafter for a period of seven years".

2. Payments of $1,000 each for spousal support have come due per that Order to date on April 1, 2019, May 1, 2019, June 1, 2019, July 1, 2019, August 1, 2019, September 1, 2019, October 1, 2019, and November 1, 2019. Defendant Ronald Ferry, however, has paid

Page 2 of 5

none of such payments; he, in fact, has paid nothing whatsoever to date toward that spousal support obligation. Thus, Ronald Ferry is in arrears in the amount of $8,000 for such spousal support.

3. The Final Order further provides in paragraph number 4 on page 5 that as to the $70,074 pension plan arrearage found by the Court, "Ronald Ferry shall pay that amount [of $70,074] to Sandra Beard by making payments to her in the amount of Two Hundred Dollars ($200) per month, beginning on April 1, 2019, and continuing on the first day of each and every month thereafter until the amount of $70,074 is paid in full."

4. Payments of $200 per month have come due per that Order to date on April 1, 2019, May 1, 2019, June 1, 2019, July 1, 2019, August 1, 2019, September 1, 2019, October 1, 2019, and November 1, 2019. Defendant Ronald Ferry, however, has paid none of such payments; he has, in fact, paid nothing whatsoever to date for such pension plan arrearage payments. Thus, Ronald Ferry is in arrears in the amount of $1,600 as to such pension plan arrearage payments.

5. The Final Order further states in paragraph 3 on page 5 as to the division of the Directors Guild of America – Producer Pension Plan Basic Benefit Plan that "[u]ntil that pension plan begins to pay that monthly amount directly to Sandra Beard, Ronald Ferry shall pay the sum of $778.60 per month each month [Sandra Beard's monthly share] to Sandra Beard by the 20th day of each month with the first such payment due on April 20, 2019." The April 20, 2019 and May 20, 2019 payments required by that provision were not made by Ronald Ferry to Sandra Beard. Sandra Beard has received payments beginning with the payment due on June 20, 2019 directly from the pension plan. Thus, Ronald Ferry is in arrears in the amount of $1,557.20 for the unpaid April 20, 2019 and May 20, 2019 payments.

6. As such, to this date, Defendant owes $8,000 on his spousal support obligations; $1,600 on his pension plan arrearage payments; and $1,557.20 for the unpaid April 20, 2019 and May 20, 2019 payments required by paragraph 3 on page 5 of the Final Order.

7. The total of the aforesaid amounts in arrears owed by Defendant is $11,157.20. The failure by Defendant to pay those sums has been willful. Upon information and belief, those arrearages will continue to grow during the pendency of this suit. Those failures by Ronald Ferry to make those payments are, thus, in willful violation of the Final Order.

8. Plaintiff Sandra Beard has through her attorney attempted to get Defendant Ronald Ferry to pay the aforesaid sums. He has, however, refused to do so.

WHEREFORE, Plaintiff Sandra Beard requests the issuance of an order requiring Defendant Ronald Ferry to appear before this Court to show cause, if any there be, why he should not be held in contempt and punished for failure and refusal to abide by the order of this Court; and for an award of attorney fees and costs in this behalf expended; and for such other and further relief as the Court may deem appropriate.

### CERTIFICATION

I, Sandra Beard, declare under penalty of perjury pursuant to Virginia Code Section 8.01-4.3 that I have read the foregoing and the foregoing is true and correct.

*Sandra M Beard*
Sandra Beard

11-14-19
Date

RESPECTFULLY SUBMITTED,

SANDRA M. BEARD

By _____
Jeffrey A. Vogelman, VSB #19755
JEFFREY A. VOGELMAN & ASSOCIATES, P.C.
201 N. Union Street, Suite 110
Alexandria, VA 22314
(telephone) 703-838-0090
(fasimile) 703-836-3549
jvogelman@vogelmanturner.com
Her Attorney

ATTACHMENT B

Case 15-11839-KHK    Doc 163    Filed 05/10/20    Entered 05/10/20 18:40:07    Desc Main
Document    Page 10 of 13

VIRGINIA:

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY

SANDRA M. BEARD  
Plaintiff,

VERSUS

RONALD P. FERRY  
Defendant.

Case No: CL2018-1699

*sent 1/10/20 lc: Judgments*

### ORDER

This matter came to be heard on the 10 day of January 20 20 on the Plaintiff/ Defendant's motion Verified Petition for Rule to Show Cause

Upon the matter presented to the Court at the hearing, it is hereby ADJUDGED, ORDERED and DECREED as follows:

(1) Ronald P. Ferry is found to be in civil contempt of Court.

(2) A Judgment is awarded to Sandra M. Beard against Ronald P. Ferry in the amount of $11,157.20 (eleven thousand one hundred fifty-seven dollars and twenty cents), plus attorney fees of $2,680 (two thousand six hundred eighty-two) dollars (less).

Entered this ___ day of _____, 20___

SEEN:

_____     _____  
Counsel for Plaintiff                             Counsel for Defendant

p. 1 of 2

Case No. CC 2010-1988                                    Page ____ of ____

(3) Ronald P. Ferry shall pay the sum of $11,157.20 plus the attorney fees of $2,687 to Sandra Beard within 90 days of today's date (today being 1-10-2020). Ronald P. Ferry may purge his contempt by paying the $11,157.20 plus the $2,687 within that 90 day period.

ENTERED, this 10 day of January/20 20

Comingdale Peter the verified petition was filed to the limited extent that this court did not take into account shares

SEEN: AND OBJECTED

Counsel for the Plaintiff(s)
USB No. 19755

SEEN AND OBJECTED TO FOR THE REASONS INDICATED ON THE ATTACHED SHEET

Counsel for the Defendant(s)
JACOB ALZAMORA, ESQ.
USB# 74626

p. 2 of 3

Case No. _____                                        Page ____ of ____

DEFENDANT OBJECTS TO THIS COURT'S RULING REGARDING THE AUTOMATIC STAY IMPOSED BY 11 USC 362 AS CONTRARY TO FEDERAL ~~COMMON~~ LAW AND UNSUPPORTED BY EVIDENCE. SPECIFICALLY, THE EXISTING ORDER GRANTING RELIEF DOES NOT CONTEMPLATE THIS ACTION, NOR COULD IT HAVE, AS IT WAS ENTERED BEFORE THIS COURT'S ORDER OF JUNE 13, 2019 WAS EVEN ENTERED, AND AS SUCH COULD NOT HAVE CONTEMPLATED ANY SUBSEQUENT ACTIONS TO ENFORCE OBLIGATIONS THAT DID NOT EXIST AT THE TIME IT WAS ENTERED.

DEFENDANT FURTHER OBJECTS TO THIS COURT'S ~~RULING~~ ~~THE~~ FINDING OF CONTEMPT, AND UNDERLYING FACTUAL FINDING THAT DEFENDANT HAS AN ABILITY TO PAY AS UNSUPPORTED BY EVIDENCE.

ENTERED, this _____ day of _____, 20_____

SEEN:

_____           _____
Counsel for the Plaintiff(s)        Counsel for the Defendant(s)

P. 3 of P3